Marshall,, C. J.
 

 I dissent from the judgment entered by the majority of the court in this case, but not upon the ground that there is any erroneous determination of legal principles, but on the sole ground that the principles declared by the majority, and in which I concur, require a contrary judgment to be (entered when applied to the issues of this case.
 

 It was determined by all the members of this court, upon a demurrer to the petition in this case, that employes engaged in maritime employment® are not entitled to participate in the state insurance fund, and it was also determined, all members of
 
 *583
 
 the court concurring, that those employes engaged in nonmaritime employments are entitled to participate and to receive the benefits of workmen’s compensation.
 

 It clearly appears that the Cleveland Engineering & Construction Company employs a largé number of men, each of whom is sometimes engaged in nonmaritime employment, and that it cannot be determined at the time of the payment of the premiums into the insurance fund what proportion of their time will be thus employed.
 

 All members of this court are agreed that the Industrial Commission should receive premiums based upon the entire pay roll of the Cleveland Engineering & Construction Company, if tendered, and that at the end of each six-month period there should be a rebate of that portion of the premium so paid which is based upon the labor performed by the employes in maritime employments.
 

 Based upon these determinations reached by unanimous concurrence of all members of the court, it only remains to see what application should be made of such law to the issues involved. The petition states that money was tendered covering all employment. Under the principles declared by this court it becomes the duty of the defendant to receive the money so tendered and make a rebate at the end of the six-month period. The court has, however, ordered that the petition be dismissed and the writ of mandamus denied. This judgment is upon the theory that the defendant, the Industrial Commission, has complied, with the order of the court, and the relator has therefore received all it is entitled to receive.
 

 
 *584
 
 We must look to the answer to determine whether the defendant has made full compliance. In the answer we find the following:
 

 Defendant “denies that it refuses to receive premiums based on the wages or payroll of any of the men engaged in the employments mentioned in the plaintiff’s -petition,
 
 save and except when such men are engaged in employments which are maritime employments.”
 

 It seems very- clear that the defendant has not expressed a willingness, to receive all premiums tendered, and it seems equally clear from the oral arguments and admissions of fact made by counsel in the course of argument that the Industrial Commission insists that there must be a
 
 prior
 
 determination as to whether certain employes will be engaged in nonmaritime employment. And it equally appears that it is impossible to make this determination in advance.
 

 If the commissioners in fact receive the premiums tendered, no harm will be done by the judgment which has been entered, but, if they should continue to refuse to receive the premiums tendered, as they say in their answer they have done heretofore, it will become necessary to bring another suit to get the relief which this court has unanimously declared the relator to be entitled to.
 

 Inasmuch as it clearly appears by the allegations of the answer that the defendant has not received, or even expressed a willingness to receive, all premiums, the judgment should be in favor of the relator, in order that the costs may be adjudged against the- defendant.
 

 Allen, J., concurs in the dissenting opinion.